UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                :
IN RE SEPTEMBER 11TH LIABILITY    :    **SUMMARY ORDER**
INSURANCE COVERAGE CASES          :
                                                :    03 Civ. 00332 (AKH)
                                                :
                                                :
-------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

The parties appeared before me on June 26, 2006 to address issues remaining in the instant litigation following my Opinion and Order of June 8, 2006. For the reasons stated on the record, and with reference to the attached Joint Submission, the various issues raised by the parties are decided as follows:

1. As to the Insured Parties' list:

    a. The claim raised in Point 1 by the World Trade Center Properties for declaratory relief as to equitable obligations to defend under the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, is denied.

    b. The claims raised in Points 2 and 3 seeking reformation of binders and policies issued by Zurich and Zurich-led excess insurers are denied for the reasons stated in my Opinion and Order of June 8.

    c. The claims raised in Points 4, 5, and 10 concerning whether the positions taken by Zurich regarding the issue of additional insureds merits sanctions and, if so, what the sanctions should be are referred to Magistrate Judge Katz.

    d. Decision is deferred as to the various claims raised in Points 6, 8, and 9 concerning claims as to allocation and priority.

1

  e. The claim raised by General Star National Insurance Company in Point 7 seeking a declaration that the World Trade Center Properties has no duty to provide a defense or indemnity to any other insured is denied.

  f. The claims raised by Royal Insurance Company in Points 11 and 12 are denied.

2. As to the Zurich Tower Insurer Parties' list:

  a. Decision is deferred as to the issues raised in Part I concerning the additional insured status of the Port Authority provided that the parties submit a joint stipulation setting forth the Port Authority's status and providing the sequence of payments to any plaintiff entitled by settlement or otherwise to receive payments no later than August 18, 2006. The stipulation can be subject to reservation of rights by the parties as to the order of payment. Should no agreement be reached by that time the parties should submit a briefing schedule in lieu of such joint stipulation.

  b. Decision is deferred as to the scope of coverage issues raised in Parts II and III, and as to the allocation and priority issues raised in Part IV.

For the reasons stated on the record I also deny the Silverstein Entities' Motion for Certification pursuant to Rule 54(b) without prejudice to resubmission at a later date.

  The parties shall appear for a status conference on August 18, 2006.

  SO ORDERED.

Dated: New York, New York
   June 27, 2006

ALVIN K. HELLERSTEIN
United States District Judge

2



Jun 23 2006
2:20PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SEPTEMBER 11TH LIABILITY
INSURANCE COVERAGE CASES

CIV. NO. 03 CV 0332 (AKH)
**JOINT SUBMISSION PURSUANT TO COURT'S JUNE 8, 2006 ORDER**

Pursuant to the Court's June 8, 2006 Opinion and Order Regulating Insurance Obligations ("Order"), the parties submit the following joint statement of the issues that remain for consideration in this litigation. The following sections set forth, respectively, the positions of the insureds and the insurers as to those claims, or categories of claims, that they respectfully believe have not yet been resolved and remain at issue in this litigation:

## INSURED PARTIES' LIST

1) World Trade Center Properties LLC's ("WTC Properties LLC") claim for declaratory relief as to whether Zurich American Insurance Company or its affiliate American Guarantee and Liability Insurance Company (collectively "Zurich") has an equitable duty to defend under the Air Transportation Safety and System Stabilization Act, 49 USC § 40101.

2) Claims by Westfield WTC LLC, Westfield WTC Holding LLC, Westfield Corporation, Inc., and Westfield America, Inc. (collectively "Westfield") for reformation of binders and policies issued by Zurich and Zurich-led excess insurers.

3) Claims by the Port Authority of New York and New Jersey (the "Port Authority") for reformation of binders and policies issued by Zurich and Zurich-led excess insurers.

4) Claims by Westfield against Zurich and the Zurich-led excess insurers for breach of the implied covenant of good faith and fair dealing.

5) Claims by the Port Authority against Zurich and the Zurich-led excess insurers for breach of the implied covenant of good faith and fair dealing.

6) Claims by Athena Assurance Company and St. Paul Fire and Marine Insurance Company regarding the alleged requirement of "exhaustion" of underlying insurance before their obligations are triggered.

7) General Star National Insurance Company's request for a declaration that WTC Properties LLC has no common law or contractual duty to provide a defense or indemnity to any other insured.

8) Claims by various parties with respect to the appropriate allocation of coverage obligations between the World Trade Center insurance program, the Westfield insurance program, and the Port Authority insurance program.

9) Claims by various parties regarding the scope and extent of coverage available to the Port Authority and other entities, including claims regarding the interpretation of the Zurich endorsement entitled "Additional Insured – Managers or Lessors of Premises" and the proper language and interpretation of the endorsement referenced in the primary binder as "Additional Insured Where Required Under Contract or Agreement."

10) The insureds' claim for sanctions against Zurich.

11) Royal's duty to defend under the Zurich-led tower.

12) Royal's duty to defend under the Westfield tower.

## ZURICH TOWER INSURER PARTIES' LIST

I.  INSURED STATUS

   1.  All insured status issues have been resolved between Zurich, Zurich excess insurers, WTCP, the Port Authority/PATH and Westfield with the exception of (a) Port Authority and Westfield's acceptance of the form of the appropriate endorsement for additional insured status by contract or agreement under the Zurich primary policy and binder; and (b) a written order that the Port Authority, PATH, UBS, GMAC, and any others claiming insured status and coverage through additional insured where required by contract or agreement endorsements do not qualify for such status and coverage through such endorsements under excess policies or binders that attach above $100 million (or $50 million with respect to UBS), because no contract prior to September 11, 2001, "required" the purchase of more than $100 million (or $50 million with respect to UBS) in liability insurance coverage.

   2.  The status of the Port Authority as an additional insured under the Westfield Insurance Program remains at issue.

II. SCOPE OF COVERAGE ISSUES

1. The scope of coverage afforded to the Port Authority as an additional insured under the Zurich binders and excess binders and policies remains at issue.

2. Should the Port Authority be an additional insured under the Westfield Insurance Program, the scope of such coverage afforded to the Port Authority as an additional insured remains at issue.

III. RESOLUTION OF OTHER COVERAGE ISSUES (INCLUDING BUT NOT LIMITED TO POLLUTION EXCLUSION, ASBESTOS EXCLUSION)

IV. ALLOCATION/PRIORITY ISSUES

1. Non-Inhalation Claims.

    Allocation between the Zurich primary, umbrella and excess insurers and the Port Authority line for claims against the Port Authority that fall within the scope of additional insured coverage remains at issue.

2. Inhalation Claims

    For inhalation claims involving WTCP, allocation between the Zurich primary, umbrella and excess policies and the Commerce & Industry ("C&I") EIL policy remain at issue. [C&I is not a party to this suit. We include the C&I policy within these issues because any allocation of inhalation exposures would require participation of C&I.]

For inhalation claims against the Port Authority, allocation between or among the Zurich primary and umbrella or excess policies, the Port Authority line, the Commerce & Industry policy, and Westfield Insurance Program remains at issue.

For inhalation claims against Westfield, allocation between the Zurich primary and umbrella or excess policies, Commerce & Industry policy, and the Westfield Insurance Program remains at issue.

PORT AUTHORITY INSURER PARTIES' LIST

Priority Issues

A determination of the order in which the various insurance policies issued by Zurich, the Zurich excess insurers, the Westfield Insurance Program and the Port Authority excess insurers respond, if at all, to the underlying claims against the WTCP entities, Westfield, the Port Authority and PATH.

Allocation Issues

A determination of the allocation of liability among those policies issued by Zurich, the Zurich excess insurers, the Westfield Insurance Program and the Port Authority excess insurers responding to the underlying claims against the WTCP entities, Westfield, the Port Authority and PATH.

The parties believe that it does not appear that the foregoing claims, or categories of claims, have been resolved by prior orders or stipulations. Likewise, some of those claims, or categories of claims, may not yet be ripe or appropriate for resolution at this time. Finally, certain parties may seek certification from the Court under Federal Rule of Civil Procedure 54(b) or 28 USC § 1292(b) to place the Court's June 8, 2006 Order and, specifically, the issue of

Zurich's defense obligations before the Second Circuit on an expeditious basis. The parties have attempted to narrow those claims that may require resolution by the Court, and, with the Court's approval, are prepared to continue those efforts following the June 26, 2006 hearing. Further, they will be prepared to discuss these various matters, and such other matters as the Court and parties deem appropriate, at the June 26, 2006 hearing.

Dated: June 23, 2006

Respectfully submitted,

By: *Kevin T. Coughlin* /s/

Kevin T. Coughlin (KTC 8550)
Robert J. Kelly (RJK 4955)
Robert W. Muilenburg (RWM 5211)
COUGHLIN DUFFY LLP
88 Pine Street
New York, NY 10005
(212) 483-0105

*Attorneys for Zurich American Insurance Company, American Guarantee and Liability Insurance Company, and Steadfast Insurance Company*

(and, for purposes of this joint submission only, on behalf of all parties)